UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-78-KAC-DCP |
| | ) | |
| MARK O'NEIL ROBINSON, | ) | |
| CHRISTOPHER HAROLD ROBERTS, | ) | |
| BRIAN KIRKSEY, and | ) | |
| DONNIE LEE OLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Mark O'Neil Robinson's Motion to Continue Trial and Related Dates [Doc. 50] and Defendant Donnie Lee Oliver's Motion to Adopt Motion of Co-Defendant [Doc. 51], both filed on November 8, 2024.

Defendant Robinson requests that the Court continue the current plea deadline and December 10, 2024 trial date [Doc. 50]. In support of his motion, he states that his counsel is still actively investigating matters related to trial issues [*Id.* ¶ 1]. He requires additional time to review discovery [*Id.*]. He submits that the discovery materials are voluminous, including videos related to surveillance and arrests as well as months of recorded phone calls [*Id.*]. His counsel expects to receive additional information from the Government [*Id.*]. Defendant Robinson understands that the time between filing this motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 3]. He represents that Defendants Kirksey and Oliver do not object to continuing the plea deadline and trial date, nor does the Government [*Id.* ¶¶ 3–4]. Defense counsel confirmed

with chambers via email that Defendant Roberts does not object to a continuance. Defense counsel also confirmed with chambers via email that Defendants Kirksey, Oliver, and Roberts understand their rights to a speedy trial.

Defendant Donnie Lee Oliver filed a separate motion requesting to adopt Defendant Robinson's Motion to Continue Trial and Related Dates [Doc. 51].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Robinson needs additional time to investigate, review and discuss discovery, and otherwise prepare the matter for trial. The Court finds that all of this cannot occur before the December 10, 2024 trial date.

The Court therefore **GRANTS** Defendant Mark O'Neil Robinson's Motion to Continue Trial and Related Dates [**Doc. 50**] and Defendant Donnie Lee Oliver's Motion to Adopt Motion of Co-Defendant [**Doc. 51**]. The trial of this case is reset to **April 8, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on November 8, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).
2

Accordingly, it is **ORDERED** as follows:

(1) Defendant Mark O'Neil Robinson's Motion to Continue Trial and Related Dates [**Doc. 50**] and Defendant Donnie Lee Oliver's Motion to Adopt Motion of Co-Defendant [**Doc. 51**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 8, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 8, 2024**, and the new trial date of **April 8, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 10, 2025**;

(5) the deadline for filing motions *in limine* is **March 24, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 25, 2025, at 2:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge