UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-78-KAC-DCP |
| MARK O'NEIL ROBINSON, CHRISTOPHER HAROLD ROBERTS, and BRIAN KIRKSEY, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Mark O' Neil Robinson's Motion to Continue Trial and Related Dates [Doc. 66], filed on August 25, 2025.

Defendant requests the Court continue the trial date scheduled for September 23, 2025; the plea deadline set for August 25, 2025; and all related dates [*Id.* at 1]. In support of his motion Defendant states that defense counsel is not ready for trial despite reasonable diligence [*Id.*]. Defense counsel requires additional time to actively investigate matters related to trial issues, to review the voluminous discovery, including discovery requested but not yet received, to meet with Defendant on the discovery, and to investigate issues relating to a potential plea agreement [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* at 2]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.*]. Finally, Codefendants Christopher Harold Roberts and Brian Kirksey do not object the requested continuance [Doc. 68; Doc. 69]. Counsel for both Defendant Kirksey, in his

notice [Doc. 69], and Defendant Roberts, by email to Chambers, confirmed their clients were informed of and understood their speedy trial rights.

Based upon the information in Defendant's motion, and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Robinson the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, complete his investigation of the case, including issues relating to a potential plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot occur before the September 23, 2025 trial date.

The Court therefore **GRANTS** Defendant Mark O'Neil Robinson's Motion to Continue Trial and Related Dates [**Doc. 66**]. The trial of this case is reset to **February 3, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on August 25, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Mark O'Neil Robinson's Motion to Continue Trial and Related Dates [**Doc. 66**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 3, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 25, 2025**, and the new trial date of **February 3, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 5, 2026**;

(5) the deadline for filing motions *in limine* is **January 17, 2026**. Responses to motions *in limine* are due on or before **January 27, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 15, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 23, 2026.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge