IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-78-KAC-DCP |
| MARK O'NEIL ROBINSON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Review Attorney Appointment [Doc. 88], filed by Christopher Rodgers ("Attorney Rodgers") on December 15, 2025. The parties appeared before the Court for a hearing on January 9, 2026. Assistant United States Attorney Kevin Quencer ("AUSA Quencer") appeared on behalf of the Government. Attorney Rodgers appeared on behalf of Defendant, who was also present. CJA Panel Attorney Laura Davis ("Attorney Davis") was also present at the Court's request.

In the motion, Attorney Rodgers states that "there appears to be real difficulty in communication . . . [and] a complete breakdown of trust" [Doc. 88 p. 1]. Attorney Rodgers represents that it has become "clear that there may be a significant difference in opinion regarding [Defendant's] case and the possibilities," and that he received communication from Defendant "expressing displeasure in the representation and a desire for new counsel" [*Id.*]. Attorney Rodgers asks for new counsel to be appointed to represent him.

At the hearing, Attorney Rodgers stated there was nothing more that could be shared outside a sealed hearing concerning the basis for the motion. AUSA Quencer stated that the Government did not oppose the motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that both Attorney Rodgers and Defendant Robinson responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has significantly impaired Attorney Rodger's ability to effectively represent Defendant Robinson and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to grant Attorney Rodger's request to withdraw and to substitute counsel. *See United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Based upon good cause shown, the Motion to Withdraw as Counsel and Motion for New Appointed Counsel as Requested by Defendant [Doc. 88] is **GRANTED**. Attorney Rodgers is relieved as counsel of record for Defendant Robinson and is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Davis was present at the hearing and agreed to accept representation of Defendant.[1] The Court **SUBSTITUTES** and **APPOINTS** Attorney Davis under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

---

[1] Attorney Davis advised of an existing conflict with the February 3, 2026 trial date in this matter, and represented that she would be filing a motion to continue. AUSA Quencer stated that the Government had no opposition to the requested continuance.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Counsel and Motion for New Appointed Counsel as Requested by Defendant [**Doc. 88**] is **GRANTED**;

(2) Attorney Rodgers is **RELIEVED** of further representation of Defendant and **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Davis is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:24-cr-00078-KAC-DCP   Document 93   Filed 01/12/26   Page 3 of 3   PageID #: 270